UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

IN THE MATTER OF THE
COMPLAINT OF PIRATE WATER
TAXI, LLC FOR EXONERATION FROM      Case No.: 8:20-cv-1956-60AAS
OR LIMITATION OF LIABILITY AS
THE OWNER OF THE PIRATE PAT,
OFFICIAL NO. 1165031
_____/

**REPORT AND RECOMMENDATION**

Pirate Water Taxi, LLC, as owner of M/V Pirate Pat, Official No. 1165031, started this action in admiralty claiming the right to exoneration from or limitation of liability for all claims arising out of an accident on the Hillsborough River on January 12, 2020. (Doc. 1). Pirate Water Taxi requests entry of default judgment for exoneration from liability against all unknown persons and entities who failed to file claims or answers by the Monition deadline of October 30, 2020. (Doc. 17). Because Pirate Water Taxi gave the required notice and the time for filing a claim or answer has expired, it is recommended that Pirate Water Taxi's motion be granted and default judgment be entered against John Doe and all non-appearing unknown potential claimants who failed to file or otherwise state a claim by October 30, 2020.

I.   **BACKGROUND**

Pirate Water Taxi initiated this proceeding under 46 U.S.C. §§ 30501, *et seq.*, and Rule F of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, claiming the right to exoneration from or limitation of liability for all claims arising out of the vessel's accident on January 12, 2020. (Doc.

1). Pirate Water Taxi seeks exoneration under Supplemental Rule F(2) and the benefit of limitation of liability in 46 U.S.C. § 30501, *et seq.* (*Id.*). Upon consideration, an August 27, 2020 order approved Pirate Water Taxi's Ad Interim Stipulation, directed the Issuance of Monition and Notice, and stayed all actions or proceedings against Pirate Water Taxi arising out of the January 12, 2020 incident until final determination. (Doc. 8). That order required Pirate Water Taxi to (1) provide public notice of the Monition by publication once each week for four consecutive weeks in the Business Observer – Hillsborough County Edition before the date fixed for filing claims; (2) mail a copy of the Monition to every person known to have made a claim against them or the vessel arising out of the incident set forth in the complaint no later than the day of the second publication; and (3) require all potential claimants file with the Clerk of the court and serve Pirate Water Taxi's attorney with a copy of their claims no later than October 30, 2020. (*Id.*).

Following Rule F of the Supplemental Rules and Local Admiralty Rule 7.06, Pirate Water Taxi bought an advertisement that the Business Observer published weekly for four consecutive weeks beginning September 18, 2020 and ending on October 9, 2020. (Doc. 12, Ex. A). Pirate Water Taxi also mailed the Notice of Monition to all known potential claimants. (Doc. 17, ¶ 8). On October 30, 2020 Claimants Paradise Family, LLC, as Owner, and Another Day in Paradise Boat Club, LLC and Sarah Zielke, as Owner of M/V Just Add Mist, filed an answer, asserted affirmative defenses, and filed a Supplemental Rule F(5) claim. (Doc. 13). Because no other claimants filed a claim by October 30, 2020, Pirate Water Taxi moved for Clerk's

default against all non-appearing unknown potential claimants. (Doc. 14).

The Clerk entered default against John Doe and all non-appearing unknown potential claimants who failed to file claims or answers by October 30, 2020.[1] (Doc. 19). Since the entry of the Clerk's default, no non-appearing unknown potential claimants have filed a claim. Pirate Water Taxi now seeks default judgment against non-appearing unknown potential claimants.[2] (Doc. 17).

## II.   DISCUSSION

"In an action to exonerate or limit liability from claims arising out of maritime accidents, the Supplemental Rules set forth strict deadlines for providing notice to potential claimants and filing claims." *In re Newport Freedog, LLC*, No. 8:18-cv-647-23-AEP, 2018 WL 3687986, at *2 (M.D. Fla. July 16, 2018), *report and recommendation adopted sub nom. Newport Freedog, LLC v. Pepin*, 2018 WL 3656475 (M.D. Fla. Aug. 2, 2018). Supplemental Rule F(4) states:

> [T]he court shall issue a notice to all persons asserting claims with respect to which the complaint seeks limitation, admonishing them to file their respective claims with the clerk of the court and to serve on the attorneys for the plaintiff a copy thereof on or before a date to be named in the notice. The date so fixed shall not be less than 30 days after issuance of the notice. For cause shown, the court may enlarge the time within which claims may be filed. The notice shall be published in such newspaper or newspapers as the court may direct once a week for four successive weeks prior to the date fixed for the filing of claims. The plaintiff not later than the day of second publication shall also mail a

---

[1] Originally the Clerk entered default against John Doe (Doc. 15), but the court ordered the Clerk to correct the clerk's default to say John Doe and all non-appearing unknown potential claimants (Doc. 18). Thus, the Clerk's default was entered against John Doe and all non-appearing unknown potential claimants. (Doc. 19).

[2] Paradise Family, LLC, Another Day in Paradise Boat Club, LLC, and Sarah Zielke do not oppose Pirate Water Taxi's request for default against all non-appearing potential claimants. (Doc. 17, p. 5).

> copy of the notice to every person known to have made any claim against the vessel or the plaintiff arising out of the voyage or trip on which the claims sought to be limited arose.

Fed. R. Civ. P. Supp. F(4). Once that notice has been given, all claims "shall be filed and served on or before the date specified in the notice provided." Fed. R. Civ. P. Supp. F(5). "If a claimant desires to contest either the right to exoneration from or the right to limitation of liability, the claimant shall file and serve an answer to the complaint, unless the claim included an answer." *Id.*

In actions arising under Supplemental Rule F, default judgment will be entered against any potential claimant who failed to respond to a public notice of a complaint for exoneration from or limitation of liability within the established notice period when the petitioner fulfilled their "'obligation to publish notice of the limitation proceeding . . . the Notice expressly and clearly stated the deadline for filing a claim and/or answer . . . and [the notice stated] that a consequence of failing to file a timely claim and/or answer was default and being forever barred from filing a claim and/or answer.'" *In re: Ruth*, 8:15-cv-2895-T-23TBM, 2016 WL 4708021, at *2 (M.D. Fla. Aug. 23, 2016), *report and recommendation adopted sub nom. In re 37' 2000 Intrepid Powerboat*, 8:15-cv-2895-T-23TBM, 2016 WL 4667385 (M.D. Fla. Sept. 7, 2016) (quoting *In re Petition of Holliday*, No. 6:14-cv-1709-Orl-28DAB, 2015 WL 3404469, at *3 (M.D. Fla. May 26, 2015)); *see also In re Reef Innovations, Inc.*, No. 11-cv-1703-Orl-31GJK, 2012 WL195531, at *2 (M.D. Fla. Jan. 6, 2012), *report and recommendation adopted sub nom. In Matter of Reef Innovations, Inc. v. Triplett*, 2012 WL 177558 (M.D. Fla. Jan. 23, 2012).

Here, Pirate Water Taxi fulfilled its obligations, and default judgment is warranted. Specifically, the notice was published and appeared once a week for four consecutive weeks in the Business Observer – Hillsborough County Edition starting September 18, 2020. (Doc. 12). The notice expressly stated the deadline for filing a claim or answer was October 30, 2020, and failure to file a claim or answer could result in the waiver of the right to file such claim or answer. (*See* Doc. 12, Ex. A). Thus, the required notice has been given, and the time for filing a claim has expired.

Pirate Water Taxi properly sent notice to all known claimants, Paradise Family, LLC, Another Day in Paradise Boat Club, LLC, and Sarah Zielke, who timely answered and filed a claim. (*See* Doc. 13). A Clerk's default has been entered against "John Doe and all non-appearing unknown potential claimants." (Doc. 19). Thus, default judgment should be entered.

### III. CONCLUSION

Thus, the following is **RECOMMENDED**:

1. Pirate Water Taxi's Motion for Default Judgment against Non-Appearing Unknown Potential Claimants (Doc. 17) be **GRANTED**.

2. Default Final Judgment should be entered against John Doe and all non-appearing unknown potential claimants that have not appeared but may have a claim against Pirate Water Taxi.

3. Pirate Water Taxi should be exonerated from any responsibility, loss, damage or injury, from any and all claims arising out of the incident described in the Petition for Exoneration from or Limitation of Liability

against John Doe and all non-appearing unknown potential claimants (Doc. 1).

**ENTERED** in Tampa, Florida on December 14, 2020.

*Amanda Arnold Sansone*
AMANDA ARNOLD SANSONE
United States Magistrate Judge

### NOTICE TO PARTIES

The parties have fourteen days from the date they are served a copy of this report to file written objections to this report's proposed findings and recommendations or to seek an extension of the fourteen-day deadline to file written objections. 28 U.S.C. § 636(b)(1); 11th Cir. R. 3-1. A party's failure to object timely in accordance with 28 U.S.C. § 636(b)(1) waives that party's right to challenge on appeal the district court's order adopting this report's unobjected-to factual findings and legal conclusions. 11th Cir. R. 3-1.